UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

ENGLEY DIVERSIFIED, INC., et al.,

    Plaintiffs,

v.

CITY OF PORT ORCHARD, et al.,

    Defendants.

CASE NO. C11-05324BHS

ORDER DENYING PLAINTIFF'S MOTION, DENYING DEFENDANT'S MOTION AND REMANDING TO CITY COUNCIL FOR FINAL DECISION ON THE MERITS

This matter comes before the Court on the cross motions of Plantiff Engley Diversified, Inc., ("EDI") (Dkt. 15) and of Defendant City of Port Orchard ("the City") (Dkt. 18) for partial summary judgment. The Court has reviewed the briefs filed in support of and in opposition to the motions and the remainder of the file and hereby denies both motions and remands this matter to the Port Orchard City Council ("the City Council") for a decision on the merits.

## I. PROCEDURAL AND FACTUAL BACKGROUND

On May 20, 2011, EDI filed a motion for partial summary judgment. Dkt. 15. On May 26, 2011, the City filed a cross motion for partial summary judgment. Dkt. 18. Both parties seek summary judgment regarding the exhaustion of administrative remedies, a condition precedent to EDI's Land Use Petition Act ("LUPA") action. Dkts. 15 & 18.

This matter arises out of EDI's appeal from the City's denial of EDI's construction permit applications. Dkt. 2 at 5. EDI pursued an appeal to the City's Hearing Examiner

ORDER - 1

("the Hearing Examiner") which affirmed the City's denial on November 9, 2010. Dkt. 16 at 6. On November 15, 2010, EDI then filed a timely motion for reconsideration (Dkt. 16 at 24), pursuant to Port Orchard Municipal Code ("POMC") 2.76.130, which states:

> **2.76.130 Reconsideration**.
> (1) Request for Reconsideration. The examiner has discretion whether to consider a request for reconsideration. A request for reconsideration must be in writing and filed by a party or aggrieved person within seven working days of the examiner's decision. The request must include: the grounds for reconsideration, including specific reference to the decision and each claimed error therein whether error of law or fact, and any discovery of new evidence which, upon reasonable diligence, could not have been discovered by a party prior to the close of the hearing on the matter. Failure to allege error is grounds for summary denial of the request.
> (2) Effect of Request. *The filing of a request for reconsideration shall stay the running of the appeal period until the examiner issues a decision on the request. Upon issuance of a decision on a request for reconsideration, the time for filing an appeal will begin.* The examiner will review the request in light of the official record and his or her decision, taking into account the grounds for the request. The examiner may deny the request; may set a hearing in order to supplement the official record and issue a revised decision following that hearing; or may revise the decision without a hearing. If the request is denied without further hearing or submission of materials by other parties, the denial must be issued in writing within five working days of the date of the request. The examiner has the authority to take any action consistent with the powers granted herein, in order to issue a decision on a request for reconsideration. Action taken by the examiner in response to a request for reconsideration, other than a denial, shall be in writing, and shall be issued within 21 calendar days of the date of the request.

Dkt. 21 at 6 (emphasis added). On December 6, 2010, the Hearing Examiner denied EDI's motion for reconsideration. Dkt. 16 at 27. On December 16, 2011, EDI filed an appeal of the Hearing Examiner's decision to the City Council. Dkt. 20 at 4. On March 22, 2011, the City Council dismissed the appeal as untimely. Dkt. 16 at 55-58; *see also,* POMC 16.06.072(2) (fourteen-day rule).

## II. DISCUSSION

EDI moves the Court to find that the City Council erred when it found EDI's appeal untimely and to find that EDI exhausted its administrative remedies. Dkt. 15 at 11. The City argues that the Court should dismiss this case because the City Council's

ORDER - 2

decision, finding EDI's appeal untimely, renders EDI without standing to bring the appeal. Dkt. 18 at 2-4. The dispute centers on the interpretation of POMC 2.76.130(2), the effect of a request for reconsideration on the running of the appeal period; each party maintains a different interpretation of the provision. POMC 2.76.130(2); Dkts. 15 at 7 & 18 at 4.

**A.     Parties' Dispute**

EDI maintains that the City Council's interpretation of POMC 2.76.130(2) was contrary to the plain language of the provision.[1] Dkts. 15 at 8 & 35 at 5. Specifically, EDI argues that the time for filing an appeal begins "upon issuance of a decision on a request for reconsideration." POMC 2.76.130(2); Dkts. 15 at 7 & Dkt. 16 at 50. Therefore, EDI contends that by filing its appeal on December 16, 2010, nine days after the Hearing Examiner's issuance of its decision on EDI's motion for reconsideration, EDI's appeal to the City Council was timely. Dkts. 15 at 8 & 16 at 49.

In contrast, the City argues that the time for filing an appeal begins on the date of the Hearing Examiner's initial decision (Dkts. 16 at 45 & 18 at 3) and that the stay contemplated in POMC 2.76.130(2) "is like pressing pause on a movie. Once the stay is lifted the time to file an appeal continues to run from that point as if the stay of proceedings never occurred." Dkt. 16 at 46. According to the City's interpretation, any of the time passing within the seven-day period allowed for filing a motion for reconsideration is subtracted from the fourteen-day total time allowed for appeal to the City Council. Dkt. 18 at 4.

---

[1] EDI also appears to argue that by stipulating to the hearing date and agreeing to "waive any objection to a hearing being set on or before February 22, 2011," the City waived any objection that the appeal was untimely. Dkt. 15 at 6. While the Court is persuaded that this may support remand, the parties have not fully briefed this issue, and it is not necessary to the Court's decision.

ORDER - 3

The City Council, the final authority for land use decisions, agreed with the City's interpretation of the municipal code, and it found that EDI failed to exhaust administrative remedies by filing an untimely appeal. Dkt. 16 at 55-56. The City Council reasoned the rules of statutory interpretation supported its decision. Dkt. 56-58.

**B.     Statutory Interpretation**

Federal courts must be cautious in determining the meaning of a municipal ordinance where the state supreme court has not provided a controlling interpretation of its meaning. *Cf. Coalition for Economic Equity v. Wilson*, 110 F.3d 1431, 1437 (9th Cir. 1997) (citing *Arizonans for Official English v. Arizona*, 520 U.S. 43, 75-79 (1997)). "In regard to statutory construction, it is well settled that courts should accord great deference to the interpretation given the statute by the officers or agency charged with its administration." *Udall v. Tallman*, 380 U.S. 1 at 16 (1965). Accordingly, a practical interpretation by officials charged with administration of ambiguous statute "will not be lightly disturbed." *Brewster v. Gage*, 280 U.S. 327, 336 (1930). However, such deference is constrained by a court's obligation to honor the clear meaning of a statute, as revealed by its language, purpose and history. *Southeastern Community College v. Davis*, 442 U.S. 397, 411 (1979).

    **1.     Plain Language**

According to the Supreme Court, "[t]he constructional problem is resolved by the . . . principle . . . that a word is known by the company it keeps (the doctrine of *noscitur a sociis*)." *Gustafson v. Alloyd Co.*, 513 U.S. 561, 575 (1995). The Ninth Circuit similarly recognizes "that words are to be judged by their context and that words in a series are to be understood by neighboring words in the series." *United States v. Carpenter*, 933 F.2d 748, 750-51 (9th Cir. 1991). Thus, a court's inquiry begins and ends with the statutory text, if the text is unambiguous. *Satterfield v. Simon & Schuster, Inc.*, 569 F.3d 946, 951 (9th Cir. 2009); *State v. Delgado*, 148 Wn.2d 723, 727 (2003)

(stating that where the meaning of the statute is unambiguous, the goal of one tasked with its interpretation is to give effect to the plain meaning).

Here, when the City Council interpreted POMC 2.76.130(2), it found that "the time period for an appeal ceas[es] during the period of time that a motion for reconsideration is pending, i.e. a stay, and then *continu*[*es*] to run once the motion has been ruled upon." Dkt. 16 at 57 (emphasis added). According to the City Council, the appeal period "is to *resume* as if the stay had not occurred." *Id.* (emphasis added).

This interpretation, however, is contrary to a plain reading of the provision's unambiguous language. The Court finds nothing ambiguous about POMC 2.76.130(2). The plain language of the code provides, in pertinent part, as follows:

> The filing of a request for reconsideration shall stay the running of the appeal period until the examiner issues a decision on the request. Upon issuance of a decision on a request for reconsideration, the time for filing an appeal will *begin*.

POMC 2.76.130(2) (emphasis added). It does not say that the effect of filing a motion for reconsideration puts a pin in the time for filing an appeal which will continue or resume after the decision is issued. POMC 2.76.130(2). In short, *begin* is not synonymous with *resume* or *continue*.[2] Plain language does not require construction. *State v. Wilson*, 125 Wn.2d 212, 217 (1994). Therefore, the Court concludes that the plain meaning of the term "begin" indicates that the effect of a motion for reconsideration is a suspension of the start of the appeal period until the motion is decided.

Additionally, statutes should not be interpreted so as to render any portion meaningless, superfluous or questionable. *Addleman v. Board of Prison Terms and Paroles*, 107 Wn.2d 503, 509 (1986) (citing *Avlonitis v. Seattle Dist. Court*, 97 Wn.2d 131, 138 (1982) disagreed with on other grounds by *State, Dept. of Ecology v. Campbell*

---

[2] The Court notes that other than it's own reading of the code, the City Council cites no authority for the proposition that the plain meaning of the term "begin" is ambiguous or may be construed to mean continue or resume.

ORDER - 5

*& Gwinn, L.L.C.*, 146 Wn.2d 1, 9 (2002). Thus, the Court is persuaded by EDI's argument that the "second sentence of POMC 2.76.130(2) clarifies" the intended meaning of the first sentence. Dkt. 15 at 10. To disregard the word 'begin' renders the entire sentence meaningless, and any other interpretation of the sentence renders it superfluous.

### 2. Absurd Results

Statutes are to be interpreted so as to preclude absurd results whenever possible. *United States v. Wilson*, 503 U.S. 329, 334 (1992). So, even if the Court found the City Council's interpretation facially persuasive, the Court must fully consider the implications of this interpretation. Here, the Court concludes that the City Council's interpretation creates an untenable choice between a right to file a motion for reconsideration and the right to appeal. For example, according to the City Council's interpretation, a party who chooses to exercise its right to move for reconsideration must forgo its right to the full fourteen-day recourse available to others who directly appeal the Hearing Examiner's decision. POMC 2.76.110(3)(a). Under the City Council's interpretation, if a motion for reconsideration is filed on the last day permitted, as in the instant case, the time normally allotted for taking an appeal would be cut in half. By demanding such a price for filing a motion for reconsideration, the City Council's interpretation leads to this and perhaps other absurd results. This Court cannot read such a result into a reasonable appeals process.

### 3. EDI's appeal

Under POMC 2.76.130(2) the time to file an appeal began on December 6, 2010. EDI then had fourteen days, until December 20, 2010, to file its appeal. EDI filed its appeal with the City Council on December 16, 2010. Thus, the Court finds EDI's appeal timely and because EDI has not exhausted its administrative remedies, the Court remands the appeal to the City Council for consideration on the merits.

**C.  Pending Motions**

Since the Court remands the matter to the City Council for a final decision, the Court denies, without prejudice, all pending motions as moot.

## III.  ORDER

Therefore, it is hereby **ORDERED** that

(1) EDI's motion for partial summary judgment (Dkt. 15) is **DENIED**;

(2) The City's motion for partial summary judgment (Dkt. 18) is **DENIED**;

(3) This matter is **REMANDED** to the City Council for consideration on its merits; and

(4) All other pending motions (Dkts. 10, 22, 25, & 39) are **DISMISSED without prejudice as moot**.

DATED this 7th day of July, 2011.

_____
BENJAMIN H. SETTLE
United States District Judge